LAWRENCE ARVEY, APPELLANT, v. SHERIFF, CLARK COUNTY NEVADA, RESPONDENT.

No. 9925

August 17, 1977                                    567 P.2d 470

*Oscar B. Goodman* and *William B. Terry*, Las Vegas, for Appellant.

---

[1]Note, Concurrent Coverage in Automobile Liability Insurance, 65 Colum.L.Rev. 319, 320 (1965).

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a True Bill returned by the Clark County Grand Jury, Lawrence Arvey was indicted on one count of failure to report campaign expenditures, a gross misdemeanor under NRS 294A.020. Contending the statute is unconstitutional, Arvey filed a pretrial petition for a writ of habeas corpus which was denied. He reasserts the same contention in this appeal.

Arvey claims that the High Court decision in Buckley v. Valeo, 424 U.S. 1 (1976), compels us to reverse. We do not agree. *Buckley* considered the constitutionality of the Federal Election Campaign Act of 1971, 86 Stat. 3, and the Federal Election Campaign Act Amendments of 1974, 88 Stat. 1263.[1]

In 1973 and 1975 the Nevada Legislature enacted NRS 218.032–.038 and NRS 294A.010–.080. These statutes constitute the parallel state election laws and apply to candidates for state, district, county, city or township offices. Although both the federal and state laws have additional and differing provisions, they are similar in that they both purport to: (a) limit or prohibit independent expenditures by individuals or groups for the benefit of a candidate other than by direct contribution to the candidate or to his campaign committee; (b) place overall limits on campaign expenditures, the amounts being specified for each particular office sought; and, (c) establish procedures requiring the disclosure of campaign contributions and campaign expenditures.

In *Buckley,* the High Court ruled that the portions of the federal enactment which placed limitations on overall campaign expenditures and on independent expenditures by individuals or groups were invalid, as being in contravention of the First Amendment freedom of expression.

---

[1]These statutes are codified as 2 USC § 431–55.

Arvey concludes that since *Buckley* necessarily invalidates Nevada's campaign expenditure limit that, in logical sequence, the disclosure provisions are also invalid. The argument is not persuasive. In fact, *Buckley* rejected a similar challenge and ruled that federal disclosure provisions had the independent functions of insuring "that the voters are fully informed and to achieve through publicity the maximum deterrence to corruption and undue influence possible." 424 U.S. at 76. Nevertheless, Arvey attempts to distinguish the state disclosure statutes from the federal by pointing out that, while the federal laws require disclosure *before* an election, the state laws require such disclosure *after* the election. Therefore, he argues, the statutes do not inform the voters in any meaningful way and their purpose is solely to police the unconstitutional attempt to limit spending.

Whether a pre-election disclosure requirement would be more effective is not, in this proceeding, an issue within the scope of proper judicial review. Suffice it to say that the law as written serves important informative and deterrent functions (*Buckley,* cited above); furthermore, it is clear to us the legislature intended the disclosure provisions to stand or fall on their own merit. Accordingly, we reject Arvey's challenge to the constitutionality of NRS 294A.020.

Affirmed.